IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVEREND WESLEY CARROLL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1683 |
| | ) | Judge Arthur J. Schwab |
| PROTHONOTARY; OFFICE OF THE | ) | Magistrate Judge Amy Reynolds Hay |
| PROTHONOTARY; and the COURT OF | ) | |
| COMMON PLEAS OF ALLEGHENY | ) | |
| COUNTY | ) | |
| | ) | |
| Defendants | ) | Re: Dkt. [1] |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that pursuant to the Prison Litigation Reform Act, the motion for leave to proceed in forma pauperis be denied and the complaint be dismissed without prejudice to be re-filed after payment of the filing fees. Furthermore, if the District Court adopts this report and recommendation, the District Court should certify pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith.

REPORT

Wes Carroll ("Plaintiff"), apparently a self styled "reverend," has a lengthy criminal history, including convictions for homicide from 1977, and a 2005 conviction for, *inter alia*, involuntary deviate sexual intercourse based on events occurring in 2003.[1] Plaintiff is currently

---

[1] See the dockets of the Court of Common Pleas in Commonwealth v. Carroll, No. CP-02-CR-00141437-2003 (this is the ISDI conviction) available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=79767459&arch=0

incarcerated in the State Corrections Institution at Waymart ("SCI-Waymart"). He has brought many, many suits that have been dismissed.[2] He is a frequent filer and his complaints are not always comprehensible.

Instantly, he has sought leave to proceed IFP in order to file what appears to be an attempt to initiate a civil rights suit. Named in the caption are the Prothonotary, the Office of the Prothonotary and the Court of Common Pleas of Allegheny County. The proposed complaint complains that the named defendants "have refused to comply with the FOIA [Freedom of Information Act] by thier [sic] continued refusal and failure to comply and supply records and documents plaintiff had requested, nearly continuously for two years." Dkt. [1-2] at 1.

By way of relief, Plaintiff seeks *inter alia*, injunctive relief, directing the defendants to supply the information Plaintiff seeks, and damages and attorney's fees. Dkt. [1-2] at 2 to 3. All this, notwithstanding the simple fact that Plaintiff overlooks, the FOIA does not apply to the defendants, who are state agencies. See, e.g., Wright v. Curry, 122 Fed.Appx. 724, 725 (5th Cir. 2004)("Wright is not entitled to copies of the transcripts and records under the Freedom of Information Act because it applies to federal agencies, not state agencies. See 5 U.S.C. § 552."); Moreno v. Curry, Unpublished Opinion, 2007 WL 4467580, at *1 (5th Cir. 2007)(" Moreno also

---

&ST=1/20/2008%2011:15:48%20AM

See also Commonwealth v. Carroll, No. CP-02-CR-0005975-1977 (homicide conviction) available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=80172317&arch=1&ST=1/20/2008%2011:17:24%20AM

[2] A quick search on PACER, conducted nearly a year ago, for prisoner cases under "Carroll, Wes" yielded 30 cases. A similar search of appellate dockets reveal at least nine appellate court cases. A quick search on PACER for prisoner cases under "Carroll, Rev" yields another 19 cases. A search of appellate dockets of the Third Circuit for "Carroll ###GE-8666," which is the Third Circuit Court's way of indicating a litigant is three struck, reveals that Plaintiff filed about 34 appellate cases therein.

2

argues that the district court erred in dismissing his claims brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Moreno has failed to identify an error in the district court's determination that FOIA, by its terms, does not apply to state or municipal agencies.")

It is a plaintiff's burden to prove entitlement to IFP. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal District Courts. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). Those dockets reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[3] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three strikes that Mr. Carroll has accumulated are as follows: The first strike is Carroll v. Heinz, No. 89-CV-70 (D.D.C. Doc. 6). The second is Carroll v. Heinz, No. 89-CV-71 (D.D.C. Doc. 4). The third strike is Carroll v. Mazurkiewicz, No. 89-5614 (3d Cir. Order dismissing appeal pursuant to 28 U.S.C. § 1915(d) dated 2/5/90). Plaintiff has other strikes as well. See, e.g., Carroll v. Children and Youth Services, No. 00-CV-713 (W.D. Pa. Doc. Nos.

---

[3] See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

61-63); <u>USA ex rel. Carroll v. Children and Youth Services</u>, No. 00-2106 (3d Cir. the appeal was dismissed under 28 U.S.C. § 1915(e)(2)(b) - order dated 4/4/01).

Accordingly, because Mr. Carroll has at least three strikes, he may not proceed IFP unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint, because imminent danger of physical injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint. See <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001); <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998)("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Viewing Plaintiff's allegations in the complaint most generously, it appears that Plaintiff has not met the threshold of showing "an imminent danger of serious physical injury." See, e.g., <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074 (E.D. Wis. 1999). Indeed, he has not alleged **any** danger whatsoever in connection with the denial of the documents and certainly not imminent danger of serious physical injury, and indeed it appears that he could not do so. Because Plaintiff herein has failed to sufficiently allege any facts that would permit him to proceed IFP, his motion to proceed IFP should be denied.

<u>CONCLUSION</u>

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and

4

Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

                                        Respectfully submitted,

                                        */s/  Amy Reynolds Hay*
                                        United States Magistrate Judge


Dated:  10 December, 2008

cc:      Hon.  Arthur J. Schwab
         United States District Judge

         Wesley Carroll
         GE-8666
         SCI Waymart
         P.O. Box 256
         Route #6
         Waymart, PA 18472